IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MATHEW T. LINTS, an individual.<br><br>                        Plaintiff,<br>v.<br><br>GRACO FLUID HANDLING (A) INC., a Minnesota corporation, WHITE KNIGHT FLUID HANDLING, a Utah DBA, WHITE KNIGHT FLUID HANDLING, LLC, a Utah limited liability corporation, SIMMONS HOLDINGS, INC., a Utah corporation, and JOHN DOES 1-5,<br><br>                        Defendants. | **ORDER AND MEMORANDUM DECISION**<br><br>• **Denying [91] Motion in Limine re: Punitive Damages;**<br>• **Denying [93] Motion in Limine re: Compensatory Damages; and**<br>• **Denying [94] Motion in Limine re: Mitigation of Damages**<br><br>Case No. 2:15-cv-00655-DN-BCW<br><br>District Judge David Nuffer |

Defendants Graco Fluid Handling (A) Inc., White Knight Fluid Handling, a Utah DBA, White Knight Fluid Handling, LLC, Simmons Holdings, Inc., and John Does 1-5 ("White Knight") filed three[1] motions in limine regarding damages (collectively, the "Motions"). Plaintiff Mathew T. Lints ("Lints") filed memoranda in opposition to each of the Motions.[2] White Knight replied in support.[3]

---

[1] Motion in Limine re: Punitive Damages, docket no. 91, filed July 30, 2018; Motion in Limine re: Compensatory Damages, docket no. 93, filed July 30, 2018; and Motion in Limine re: Mitigation of Damages, docket no. 94, filed July 30, 2018.

[2] Opposition to Motion in Limine re: Punitive Damges, docket no. 100, filed Aug. 13, 2018; Opposition to Motion in Limine re: Compensatory Damages, docket no. 101, filed Aug. 13, 2018; and Opposition to Motion in Limine re: Mitigation of Damages, docket no. 102, filed Aug. 13, 2018.

[3] Reply Memorandum in Support of Motion in Limine re: Punitive Damages, docket no. 106, filed Aug. 28, 2018; Reply Memorandum in Support of Motion in Limine re: Compensatory Damages, docket no. 105, filed Aug. 28, 2018; Reply Memorandum in Support of Motion in Limine re: Punitive Damages, docket no. 107, filed Aug. 28, 2018.

White Knight's Motions all fail for the same fundamental reason: they attempt to apply Federal Rule of Civil Procedure 37(c) to exclude speculative evidence that Lints may or may not attempt to introduce at trial. White Knight does not identify any specific evidence that Lints is seeking to introduce and that was not properly disclosed during discovery. Since Rule 37(c) does not work preemptively, the Motions fail. Additionally, the Motion in Limine re: Punitive Damages fails to account for the jury's discretionary role in determining punitive damages. For these reasons, the Motions are DENIED.

## STANDARD OF REVIEW

Under Rule 37(c) of the Federal Rules of Civil Procedure, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[4] Rule 37(c) is predicated on the introduction of evidence that a party failed to previously disclose. Generally, evidence that was not properly disclosed during discovery ought to be excluded.[5] However, the admission of new evidence must be considered on a piece-by-piece basis to assess its "substantial justification or . . . harmlessness."[6] "[T]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[7] Therefore, a motion to exclude evidence cannot be preemptively granted in a vacuum, without specific evidence identified by the party seeking to have it excluded.

---

[4] Fed. R. Civ. P. 37(c)(1).

[5] *See* Fed. R. Civ. P. 37 Advisory Committee Notes.

[6] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *see also* Fed. R. Civ. P. 37(c)(1).

[7] *Woodworker's Supply, Inc.*, 170 F.3d at 993.

## DISCUSSION

### The Motions do not identify any specific evidence to allow a Rule 37(c) analysis

White Knight seeks to preclude the introduction or admission of any previously undisclosed evidence related to punitive damages, compensatory damages, and mitigation of damages. But, White Knight fails to identify any specific evidence that should be excluded. Instead, White Knight attempts to exclude categories of evidence that it claims has not been introduced at all. In the Motions, White Knight alleges that Lints did not disclose "any evidence whatsoever"[8] regarding punitive or compensatory damages, and that Lints provided a "meager answer"[9] with respect to mitigation of damages as part of discovery. In response, Lints "does not oppose exclusion" of any evidence regarding damages that he "failed to disclose during discovery"[10]—"to the extent such documents exist"[11]—and he further attests he will not include any evidence at trial that he "failed to disclose during discovery."[12]

Since Lints has not yet attempted to introduce any new evidence, Rule 37 does not apply and White Knight's request to exclude evidence is premature. In the event that Lints attempts to introduce evidence at trial that was not properly disclosed, White Knight may object at that point and a ruling will be entered on a piece-by-piece basis.

---

[8] Motion in Limine re: Punitive Damages 2; Motion in Limine re: Compensatory Damages 2.

[9] Motion in Limine re: Mitigation of Damages 1-2.

[10] Opposition to Motion in Limine re: Punitive Damages, 1; Opposition to Motion in Limine re: Compensatory Damages 1; Opposition to Motion in Limine re: Mitigation of Damages 1.

[11] Opposition to Motion in Limine re: Compensatory Damages 3; Opposition to Motion in Limine re: Mitigation of Damages 2.

[12] Memorandum in Opposition to Motion in Limine re: Punitive Damages 1.

### White Knight's Motion in Limine re: Punitive Damages applies the wrong standard to award punitive damages

White Knight's motion regarding punitive damages further fails from a basic misunderstanding of the jury's discretionary role in determining punitive damages. Punitive damages are "distinct" [13] from compensatory and other damages in that they are "private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence."[14] As "it is within the province of the jury to determine the proper amount of punitive damages,"[15] a plaintiff need not allege a specified amount of punitive damages, nor meet an evidentiary threshold.

Because punitive damages lie entirely within the jury's discretion, Lints need not provide any specific evidence for a jury to award punitive damages. Instead, the jury will determine what punitive damages, if any, they may wish to award based upon the evidence received at trial. Therefore, the motion under Rule 37(c) to exclude evidence regarding punitive damages simply because Lints "failed to provide any evidence of punitive damages" fails.

---

[13] *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001).

[14] *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974).

[15] *Alley v. Gubser Development Co.*, 785 F.2d 849, 855 (10th Cir. 1986).

**ORDER**

IT IS HEREBY ORDERED that the Motion in Limine re: Punitive Damages,[16] Motion in Limine re: Compensatory Damages,[17] and Motion in Limine re: Mitigation of Damages[18] are DENIED without prejudice.

Signed October 15, 2018.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[16] Motion in Limine re: Punitive Damages, docket no. 91, filed July 30, 2018.

[17] Motion in Limine re: Compensatory Damages, docket no. 93, filed July 30, 2018.

[18] Motion in Limine re: Mitigation of Damages, docket no. 94, filed July 30, 2018.