IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MATHEW T. LINTS, an individual.<br><br>                Plaintiff,<br>v.<br><br>GRACO FLUID HANDLING (A) INC., a Minnesota corporation, WHITE KNIGHT FLUID HANDLING, a Utah DBA, WHITE KNIGHT FLUID HANDLING, LLC, a Utah limited liability corporation, SIMMONS HOLDINGS, INC., a Utah corporation, and JOHN DOES 1-5,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [97] MOTION IN LIMINE**<br><br>Case No. 2:15-cv-00655-DN-BCW<br><br>District Judge David Nuffer |

Plaintiff Mathew Lints ("Lints") filed an Omnibus Motion in Limine ("Motion"),[1] seeking to exclude from trial various undisclosed evidence and references to Lints's criminal and employment history. Defendants Graco Fluid Handling (A), Inc. d/b/a/ White Knight Fluid Handling, White Knight Fluid Handling, LLC, Simmons Holdings, Inc., and John Does 1-5 (collectively, "White Knight") responded,[2] and Lints replied.[3] As a preliminary matter, White Knight asserts that the Motion does not comply with the court's form trial order governing motions in limine. The Motion includes what are properly 13 separate motions in limine. However, a trial order has not yet been entered in this matter, and more importantly, Lints's failure to comply with the form trial order does not unduly prejudice White Knight or the

---

[1] Plaintiff's Omnibus Motion in Limine and Memorandum in Support, docket no. 97, filed July 31, 2018.

[2] Defendants' Memorandum in Opposition to Plaintiff's Omnibus Motion in Limine and Memorandum in Support ("Defendants' Memorandum in Opposition"), docket no. 99, filed Aug. 7, 2018.

[3] Plaintiff's Reply in Support of Omnibus Motion in Limine, docket no. 104, filed Aug. 14, 2018.

administration of justice. The current record is sufficient to rule on all issues raised in the Motion.

**DISCUSSION**

As part of his Motion, Lints requests that the following categories of undisclosed evidence be excluded at trial:

1) Previously undisclosed evidence of communications discussing or concerning Lints or the basis for his claims;

2) Previously undisclosed evidence of communications relating to or concerning Lints's termination;

3) Previously undisclosed evidence of steps or measures taken by Defendants to investigate Lints's allegations of harassment;

4) Previously undisclosed evidence of steps or measures taken by Defendants to remedy Lints's allegations of harassment;

5) Previously undisclosed evidence of employees terminated between 2005 and 2015 for excessive absences;

6) Previously undisclosed evidence of employees hired to replace Lints;

7) Previously undisclosed evidence of disciplinary actions taken by Defendants against Lints;

8) Previously undisclosed evidence related to Defendants' failure to mitigate affirmative defense;

9) Previously undisclosed evidence of written or unwritten regulations, rules, or policies governing Lints's employment;

10) Previously undisclosed testimony of facts or events relating to Defendants' defenses; and

11) Previously undisclosed testimony of instances in which Defendants' employees or supervisors were disciplined for inappropriate behavior.

Under Rule 37(c) of the Federal Rules of Civil Procedure, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially

justified or is harmless."[4] However, similar to White Knight's motions in limine to exclude undisclosed evidence,[5] Lints fails to identify any actual evidence that White Knight is seeking to admit and that should be excluded. For the same reasons that White Knight's motions in limine were denied,[6] Lints's Motion with respect to undisclosed evidence is also denied. In the event that White Knight attempts to introduce evidence at trial that was not properly disclosed, Lints may object at that point and a ruling will be entered on a piece-by-piece basis.

Apart from the undisclosed evidence issues, Lints also seeks to exclude the following at trial:

12) References to Lints's employment history prior to being hired by Defendants; and

13) References to Lints's criminal history.

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[7] Aside from excluding evidence that is not relevant,[8] the court may also exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[9] Finally, "[e]vidence of a crime, wrong, or other

---

[4] Fed. R. Civ. P. 37(c).

[5] Motion in Limine re: Punitive Damages, docket no. 91, filed July 30, 2018; Motion in Limine re: Compensatory Damages, docket no. 93, filed July 30, 2018; and Motion in Limine re: Mitigation of Damages, docket no. 94, filed July 30, 2018.

[6] Order and Memorandum Decision Denying [91] Motion in Limine re: Punitive Damages; Denying [93] Motion in Limine re: Compensatory Damages; and Denying [94] Motion in Limine re: Mitigation of Damages, docket no. 111, entered Oct. 15, 2018.

[7] Fed R. Evid. 401.

[8] *Id*. 402.

[9] *Id.* 403.

act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[10]

White Knight acknowledges that it does not seek to introduce character evidence.[11] However, White Knight alleges that Lints's prior employment and criminal history is relevant for other purposes, such as Lints's attempt to mitigate damages.[12] This bare-bones argument is not persuasive. Lints's employment history prior to being employed by White Knight and his criminal history are not materially relevant to the facts at issue in the case and are therefore excluded from trial.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED in PART and GRANTED in PART. The Motion is denied without prejudice with respect to issues 1-11 regarding undisclosed evidence. The Motion is granted with respect to issues 12-13 regarding Lints's criminal and employment history.

Signed October 15, 2018.

BY THE COURT

David Nuffer
United States District Judge

---

[10] *Id.* 404(b).

[11] Defendants' Memorandum in Opposition 3-4.

[12] *Id*. 4.